## UNTIED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**REBECCA MERGIST**                                        **CIVIL ACTION**

**VERSUS**                                                        **NO. 16-00138-JWD-EWD**

**WAL-MART STORES, INC. and**
**JOHN DOE**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 9, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNTIED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

REBECCA MERGIST                                    CIVIL ACTION

VERSUS                                             NO. 16-00138-JWD-EWD

WAL-MART STORES, INC. and
JOHN DOE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File Amended Complaint and for Remand, filed by plaintiff Rebecca Mergist.  (R. Doc. 6).  Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), opposes the Motion.  (R. Doc. 13).  Plaintiff has filed a Reply.  (R. Doc. 9).  For the following reasons, the undersigned recommends that the Motion be **GRANTED**, allowing amendment and remanding the matter to state court for lack of subject matter jurisdiction.

### Factual and Procedural Background

On or about January 10, 2015, Rebecca Mergist obtained car repairs at the Tire, Lube and Express Department of a Wal-Mart store in Abbeville, Louisiana.  (R. Doc. 1-1 at 1).  Mergist claims that when a Wal-Mart employee assured her that the tire repairs were complete, she took possession of her vehicle and began driving away.  While still on Wal-Mart's premises, Mergist alleges her left rear wheel suddenly fell off and she was violently jolted inside the vehicle and struck the inside of her door.  (R. Doc. 1-1 at 1-2).  On July 8, 2015, her counsel sent a letter to Wal-Mart demanding Wal-Mart to produce all reports regarding the incident, including the identities of the Wal-Mart employees responsible for the incident.  (*See* R. Doc. 6-7).  In December 2015, Mergist's counsel sent two follow-up emails to Wal-Mart asking Wal-Mart to respond to counsel's July 8, 2015 letter.  (*See* R. Doc. 6-8).

When the foregoing correspondence went unanswered, Mergist filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana on December 15, 2015, alleging that she was injured as a result of negligent repairs performed on her vehicle by a Wal-Mart employee.  (R. Doc. 1-1).  Mergist filed suit against Wal-Mart and John Doe, a Wal-Mart employee who performed the repairs.  In the Petition, Mergist claims Wal-Mart refused to identify the employee by name despite repeated requests.  (R. Doc. 1-1 at 1 n.1).  Mergist alleges that the employee's negligent repairs and negligent supervision and training of other Wal-Mart employees proximately caused the incident and that Wal-Mart is liable for the actions of its employee under the theory of *respondeat superior*.  (R. Doc. 1-1 at 2).  Mergist asserts Wal-Mart and its employee are jointly and solidarily liable for her injuries, which allegedly include injuries to her "lumbar spine, thoracic spine, left shoulder, left elbow, including lateral epicondylitis and right sided protrusion type herniation at T12-L1 requiring surgical intervention, including right interlaminar epidural steroid," together with general and special damages.  (*Id.*).  In the Petition, Mergist asserts her damages do not exceed the jurisdictional limit for federal court.  (R. Doc. 1-1 at 3).

On February 12, 2016, Mergist propounded discovery requests upon Wal-Mart requesting the names of the employees involved in the incident.  (R. Doc. 6-10).  Mergist asserts Wal-Mart never responded to the discovery requests.  Instead, on March 2, 2016, Wal-Mart removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (R. Doc. 1).  In the Notice of Removal, Wal-Mart asserts that on February 19, 2016, it received discovery responses and medical records from Mergist that indicate the amount in controversy exceeds $75,000.  Wal-Mart argues the Notice of Removal was timely filed on March 2, 2016, because it was filed within 30 days of Wal-Mart receiving Mergist's February 19, 2016, discovery responses and medical

records that set forth a claim of relief exceeding $75,000.[1]  Wal-Mart also asserts complete diversity exists because it is a Delaware corporation with its principal place of business in Arkansas and Mergist is domiciled in Louisiana.

On March 29, 2016, Mergist filed the instant Motion, seeking to amend her Petition under Federal Rule of Civil Procedure 15 to name three Wal-Mart employees, Chris Fontenot, Gabriel DeJean, and Charles Corley, as necessary party defendants.  (R. Doc. 6).  Mergist claims that despite repeated requests, she did not discover the names of the Wal-Mart employees until Wal-Mart provided its Rule 26(a)(1) Disclosures on March 17, 2016, nearly two weeks after removal. (R. Doc. 6-1).  In the proposed Amended Complaint, Mergist asserts her vehicle was negligently repaired by Fontenot, DeJean, and Corley, who are all residents of and domiciled in Louisiana. (R. Doc. 6-3 at 1).  Mergist also asserts that Fontenot was immediately notified of the incident, prepared a customer incident report, entered a claim into Wal-Mart's incident reporting system, and prepared and submitted a Summary Information form to Wal-Mart's home office, which included the identities of the Wal-Mart employees involved.  (R. Docs. 6-4, 6-5, and 6-6).  Mergist claims she was not provided copies of these documents until Wal-Mart filed its Rule 26(a)(1) Disclosures.

Mergist asserts that she should be allowed to amend her Petition to name non-diverse defendants because the purpose of the amendment is to name the correct parties, rather than to defeat diversity.  (R. Doc. 6-3 at 4).  Mergist claims she always intended to name these non-diverse employees in her Petition and that they were given fictitious names only because Wal-Mart intentionally withheld their known identities from her.  Mergist maintains that she has diligently sought the identities of the Wal-Mart employees and timely amended her Petition less than two

---

[1] The discovery responses and medical records were not attached to the Notice of Removal.

weeks after Wal-Mart disclosed their names in its Rule 26(a)(1) Disclosures.  Mergist argues that she will be prejudiced if the amendment is denied because she will be forced to sue the Wal-Mart employees in state court.  Mergist also asserts that equitable factors weigh in favor of allowing the amendment because she specifically requested the identities of the Wal-Mart employees pre-suit and the allegations in her Petition gave Wal-Mart a definitive clue as to the identities and existence of the non-diverse defendants.

Mergist asserts that if she is allowed to amend her Petition to name the Wal-Mart employees as defendants, the Court must remand the matter to state court pursuant to 28 U.S.C. § 1447 because joinder of the non-diverse defendants destroys federal diversity jurisdiction.  If the Court denies the amendment, Mergist asserts that remand is still required because her claim does not exceed $75,000.  Mergist argues that Wal-Mart's assertion that her damages exceed $75,000 is based on mere conclusory allegations since Wal-Mart did not attach affidavits or evidence attesting to the amount in controversy to the Notice of Removal.  Mergist asserts the case should be remanded because Wal-Mart has failed to show by a preponderance of the evidence that the requisite jurisdictional amount is satisfied in this case.

Mergist also seeks an award of $1,000 in costs and expenses because Wal-Mart lacked an objectively reasonable basis for seeking removal.  Mergist asserts Wal-Mart intentionally withheld the identities of its employees involved in the incident after Mergist filed suit so that it could remove the case to federal court based on diversity jurisdiction.  Mergist asserts Wal-Mart was put on notice of the non-diverse defendants when the Petition was filed because she made specific allegations of fault against the fictitious defendant, who was identified as the Wal-Mart employee who performed her car repairs.

In Opposition, Wal-Mart asserts that despite the allegation in the Petition that Mergist's damages do not exceed $75,000, her discovery responses and attached medical records show that her claimed damages, if proven, exceed $75,000. (R. Doc. 13). When asked in an interrogatory whether her claim exceeded $75,000, Mergist responded that the request was "Premature at this time" and reserved her right to provide a supplemental response in the future. (R. Doc. 13-2 at 4-5). Wal-Mart argues this interrogatory answer constitutes an "other paper" that affirmatively shows that the jurisdictional amount may be satisfied, permitting removal of this matter. (R. Doc. 13-2 at 3).

Wal-Mart further asserts that Mergist's medical records list her special damages total as $23,773.96, and show that she has undergone two epidural steroid injections with a recommendation for a third and has undergone a surgical procedure to her right elbow. (*See* R. Doc. 13-2). Wal-Mart claims that awards from Louisiana courts for herniated discs requiring injections range from $40,000 to $85,000. (R. Doc. 13-2 at 7). Wal-Mart also claims that when it filed the Opposition, fifteen months after the accident, Mergist was still being prescribed medication and was looking for a new pain management doctor. Thus, Wal-Mart contends the amount in controversy clearly exceeds $75,000.

Wal-Mart also argues that its Notice of Removal is procedurally proper without affidavits or other evidence attached because 28 U.S.C. § 1446(a) only requires that the notice of removal provide "a short and plain statement of the grounds for removal." Wal-Mart asserts that the Supreme Court recently addressed this issue and concluded that under § 1446(a), a defendant seeking removal is not required to include evidence establishing the amount in controversy and need only include a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold.  *See Dart Cherokee Basin Operating Co., LLC, et al. v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014).

Wal-Mart further asserts that the sole purpose of the proposed amendment is to destroy diversity jurisdiction and Wal-Mart's interest in a federal forum outweighs any prejudice Mergist will suffer from not having Wal-Mart's employees named as defendants.  Wal-Mart argues that Mergist will not suffer *any* prejudice because Louisiana federal courts have concluded that joint tortfeasors are not indispensable parties and plaintiffs suffer no prejudice if the already named non-diverse defendant would have no difficulty in satisfying any future judgment.  *See Depriest v. BASF Wyandotte Corporation, et al.*, 119 F.R.D. 639, 640 (M.D. La. 1988); *Stewart v. Marriott Courtyard*, No. 03-2747, 2003 WL 22883629, at *2 (E.D. La. 12/5/03). Wal-Mart asserts that because it would be able to fully satisfy any future judgment, Mergist only seeks to add its employees as named defendants to destroy diversity jurisdiction and force remand of this matter.

Wal-Mart argues that sanctions are not warranted in this case because it had an objectively reasonable basis for removing the matter based on diversity jurisdiction, as Wal-Mart was the only named defendant at the time of removal.

## Applicable Law and Analysis

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally."  *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995).  However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies.  Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."  *Id*.  The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.  *Id*. Applying these factors, the court in *Hensgens* held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction.  *Id*.

Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case.  *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995); *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).  In *Cobb*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, *even when the newly joined defendants are not indispensable*."  186 F.3d at 677 (emphasis added).  In reaching this conclusion, the court relied upon *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, a First Circuit case in which the court held that joinder or substitution of non-diverse defendants for fictitious defendants after removal destroys diversity,

regardless of whether the defendants are dispensable or indispensable to the action. *Cobb*, 186 F.3d at 680 (citing *Casas*, 42 F.3d 668, 674 (1st Cir. 1995)). The *Cobb* court also cited a decision from the D.C. Circuit, which "supports the view that . . . post-removal joinders, whether dispensable or indispensable, are controlled by § 1447(e)." *Cobb*, 186 F.3d at 681 (citing *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996)). Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties. *Joseph v. Fluor Cop.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).

Wal-Mart removed the action based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens*, 833 F.2d at 1181. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## A. Mergist Should Be Allowed to File an Amended Complaint Naming Non-Diverse Defendants.

As discussed above, Wal-Mart asserts that Mergist should not be allowed to amend her Petition because Wal-Mart's employees are not necessary parties and their inclusion in the lawsuit

would be solely for the purpose of destroying diversity jurisdiction.  Wal-Mart also argues Mergist will suffer no prejudice if the Court denies Mergist the opportunity to add Fontenot, DeJean, and Corley as defendants because there is no indication that Wal-Mart would be unable to fully satisfy any judgment Mergist obtains in this matter.

Similar arguments were raised by the defendants in *Lacy v. ABC Ins. Co.*, a slip and fall case in which the plaintiff filed suit against a store and several fictitious defendants, who were identified as the allegedly negligent store employees.  No. 95-2133, 1995 WL 688786 (E.D. La. Nov. 17, 1995).  After removal, the plaintiff moved to amend her petition to identify the fictitious defendants whose names were allegedly undeterminable prior to removal. The defendant-store argued that the amendment would destroy diversity jurisdiction because the employees were non-diverse defendants and that the addition of the employees was unnecessary because the plaintiff could recover all of her damages from the defendant-store.  1995 WL 688786 at *3.  The *Lacy* court disagreed, concluding that the plaintiff should be allowed to add the employees as defendants under the *Hensgens* analysis and should not be forced to pursue only one defendant in the federal forum when she had a potentially viable claim against others, as well.  1995 WL 688786 at *2-3 (citing *Hensgens,* 833 F.2d 1179).

The facts of the instant case are similar to those faced by the *Lacy* court and require a similar result.  Although Wal-Mart asserts that Mergist seeks to amend her Petition "solely for the purposes of destroying diversity jurisdiction," Wal-Mart's only evidence of a bad motive on Mergist's part is the timing of the instant Motion, which was filed after removal.  (R. Doc. 13-2 at 1, 9).  Like the plaintiff in *Lacy*, however, Mergist offered a neutral explanation for the timing of the Motion because she claims she did not learn the names of the fictitious defendants until after removal when Wal-Mart submitted its Rule 26(a)(1) Disclosures.  *See Lacy*, 1995 WL 688786 at

*2.  Like in *Lacy*, the fact that these defendants were fictitiously named in the original Petition and specific allegations of negligence were asserted against them suggests that Mergist at all times intended to seek relief against them.  *See Lacy*, 1995 WL 688786 at *3.  Thus, the timing of the instant Motion, approximately four weeks after removal, appears coincidental.  This Court is persuaded that the purpose of Mergist's amendment is the inclusion of the proper parties, as opposed to the exclusion of federal jurisdiction.

The Court further finds that Mergist was not dilatory in amending her pleadings.  Mergist has been reasonably diligent in trying to determine the true identities of the fictitious defendants since before filing this action, as evidenced by the July 8, 2015, letter her counsel sent to Wal-Mart, which specifically requested the names of the Wal-Mart employees responsible for the incident, as well as the two follow-up emails her counsel sent to Wal-Mart in December 2015.  (R. Doc. 6-7 at 1; R. Doc. 6-8).  Mergist also propounded discovery requests on Wal-Mart on February 12, 2016, approximately two months after filing the Petition, requesting the full name and current address of any employees involved in the repairs to Mergist's vehicle, which were allegedly unanswered by Wal-Mart.  (R. Doc. 6-10 at 1).  Further, this action is less than six months old and Mergist sought leave to amend on March 29, 2016, a mere 12 days after Wal-Mart disclosed the identities of its employees in its Rule 26(a)(1) Disclosures.  As such, Mergist was diligent in determining the true identities of Fontenot, DeJean, and Corley, and properly sought to amend to substitute their names within a reasonable time.  *See Brown v. TranSouth Financial Corp.*, 897 F.Supp. 1398, 1401 (M.D. Ala. 1995).

The Court also finds that Mergist will be significantly prejudiced if she is not allowed to amend her Petition to specifically name Fontenot, DeJean, and Corley because Mergist would be forced to file suit against these individuals in state court.  "[C]onsiderations of cost, judicial

efficiency and possible inconsistency of results militate in favor of not requiring plaintiff [s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (quotation omitted). The Court disagrees with Wal-Mart's assertion that because Mergist has alleged solidary liability on the part of Wal-Mart and its employees, Mergist can recover all of her damages from Wal-Mart and does not need to also name the employees as defendants. Like the court in *Lacy*, we "decline to force plaintiff to pursue only one defendant in this forum when she has a potentially viable claim against others, as well." *Lacy*, 1995 WL 688786 at *3. Since Mergist also alleged joint liability on the part of Wal-Mart and its employees, Wal-Mart and its employees "properly belong in the same proceeding." *Id*.

Based on the allegations in the Petition, the Court finds that Wal-Mart knew or should have known the identity and citizenship of the fictitious defendant because he was employed by Wal-Mart at the time of the incident. Mergist also submitted documents to the Court showing that the following events occurred on the day of the incident: (1) Fontenot was notified of the incident; (2) Fontenot notified the Wal-Mart facility of the incident; (3) Fontenot entered a claim into Wal-Mart's incident reporting system; and (4) Fontenot prepared and submitted a Summary Information form on the incident. (R. Docs.6-4, 6-5, and 6-6). In light of these facts, the Court finds it would be unfair to force Mergist from her chosen state court forum into federal court by allowing Wal-Mart to plead ignorance about the fictitious defendant's identity and citizenship when Wal-Mart was in a better position to ascertain that information about its employee, Fontenot. *See Lacy*, 1995 WL 688786 at *3; *Tompkins v. Lowes Home Center, Inc.*, 847 F.Supp. 462, 464 (E.D. La. 1994). As such, Mergist has shown that the *Hensgens* equitable analysis weighs in favor of allowing the amendment to name non-diverse defendants.

**B. If Mergist is Allowed to Amend her Petition, the Matter Must Be Remanded Because the Addition of Non-Diverse Defendants in the Amended Complaint Destroys Diversity Jurisdiction Under 28 U.S.C. § 1332(a)(1).**

In the proposed Amended Complaint, Mergist seeks to name as defendants the three Wal-Mart employees allegedly involved in the negligent repairs of her vehicle, Chris Fontenot, Gabriel Dejean, and Charles Corley.  (R. Doc. 6-11).  The Amended Complaint asserts that Fontenot, DeJean, and Corley are all Louisiana domiciliaries.  (*Id.*).  Wal-Mart does not dispute the alleged citizenship of its employees.  Since it is undisputed that the Wal-Mart employees that Mergist seeks to add as defendants are Louisiana domiciliaries and Mergist is a Louisiana domiciliary, the amendment will destroy diversity jurisdiction and divest this Court of subject matter jurisdiction under 28 U.S.C. § 1447(c).

According to § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The statute also specifically provides that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Thus, because the Court grants the Motion for Leave to File Amended Complaint and allows Mergist to amend her original Petition to name non-diverse defendants, § 1447(e) requires this Court to remand the matter to the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, for lack of subject matter jurisdiction.  *See Hensgens*, 833 F.2d at 1182; *Tompkins*, 847 F.Supp. at 464; *Lacy*, 1995 WL 688786 at *3; *Mitchell v. Wal-Mart Stores, Inc*., No. 15-2506, 2016 WL 447721, at *3 (W.D. La. Feb. 4, 2016) (citing *Tillman v. CSX Transp., Inc.*, 929 F2d 1023, 1029 n.11 (5th Cir. 1991)).

**C. If Mergist is Allowed to Amend Her Petition and the Matter Is Remanded for Lack of Subject Matter Jurisdiction under 28 U.S.C. §1332(a)(1), the Dispute Regarding the Amount in Controversy Is Moot.**

As discussed at length above, Mergist has shown that the equitable factors set forth in *Hensgens* weigh in favor of allowing her to file the Amended Complaint to identify the fictitious defendant as Chris Fontenot, Gabriel DeJean, and Charles Corley, three non-diverse defendants. If Mergist is allowed the file the Amended Complaint, the parties will no longer be completely diverse, as Mergist and the three Wal-Mart employees are Louisiana domiciliaries. Without complete diversity between the named parties, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) and the matter must be remanded to state court. Since the Court does not have subject matter jurisdiction due to lack of complete diversity of citizenship between the parties, the dispute regarding whether the amount in controversy exceeds $75,000 is now moot.

**D. Mergist is Not Entitled to Costs and Expenses Related to the Removal.**

In addition to seeking amendment and remand of this action, Mergist requests an award of $1,000 in costs and expenses, alleging that Wal-Mart lacked an objectively reasonable basis for seeking removal. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corp.*, stating:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d

538, 541 (5th Cir. 2004); *Valdes*, 199 F.3d at 293.  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005).

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *German Sport Guns GmbH v. Heckler & Koch GmbH*, No. 14-736, 2015 WL 1247056, at *2 (M.D. La. Mar. 18, 2015) (citing *Martin*, 546 U.S. at 141, 126 S.Ct. at 711; *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993); *Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir. 1997)).

In the instant case, an award of costs and expenses is not warranted under § 1447(c).  An award under § 1447(c) requires a showing that at the time of removal the defendant lacked an objectively reasonable basis for seeking removal.  As Wal-Mart points out, it was the only named defendant in the case at the time of removal, so there was complete diversity between Mergist, a Louisiana resident, and Wal-Mart, a Delaware corporation with its principal place of business in Arkansas.  (R. Doc. 13-2 at 12; R. Doc. 1 at 3-4).  Further, this Court has held that the unambiguous language of § 1441(b)(1) requires the Court to disregard the fictitiously-named defendant's citizenship for removal purposes.  *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2013 WL 4766797, at *3 (M.D. La. Sept. 4, 2013); *E.g., Breaux v. Goodyear Tire & Rubber Co.*, No. 15-837, 2015 WL 4635566, at *2 (E.D. La. Aug. 3, 2015); *Alonzo v. Shoney's, Inc.*, No. 00–3109, 2001 WL 15641, at *3 (E.D. La. Jan. 5, 2001); *See Vaillancourt v. PNC Bank, Nat'l Assn.*, 771 F.3d 843,

848 n. 38 (5th Cir. 2014) (noting that even if claims had been asserted against the John and Jane Doe defendants in the complaint, the citizenship of defendants sued under fictitious names must be disregarded under § 1441(b)).   Thus, plaintiff has not shown that Wal-Mart lacked an objectively reasonable basis to remove this case on the basis of diversity jurisdiction.

### Conclusion

Based on the foregoing, the Motion for Leave to File Amended Complaint and for Remand (R. Doc. 6), filed by plaintiff Rebecca Mergist, should be granted, allowing Mergist to file the proposed Amended Complaint naming three non-diverse defendants in this action.   Upon granting the amendment, the Court must remand the matter to state court because there will no longer be complete diversity of citizenship between the parties and the Court will not have subject matter jurisdiction based upon 28 U.S.C. § 1332(a)(1).   Mergist is not entitled to an award of costs and expenses under 28 U.S.C. § 1447(c).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Leave to File Amended Complaint and for Remand, filed by plaintiff Rebecca Mergist, should be **GRANTED**, allowing Mergist to file her Amended Complaint (R. Doc. 6-11).   Upon granting the Motion, there will no longer be complete diversity of citizenship between the parties and the matter should be **REMANDED** for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).   It is further recommended that Mergist's request for costs and expenses be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 9, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**